The complaint of plaintiff is as follows:
"1. That the plaintiff is a citizen and resident of Sampson County, North Carolina, and is the owner of certain real and personal property located within the boundaries of said county and subject to ad valorem
taxes duly levied and assessed by said county.
"2. That the defendant is a body politic and corporate of the State of North Carolina, and as such is authorized, directed and empowered to levyad valorem taxes against real and personal property subject to taxation, located within its boundaries.
"3. That the Board of Commissioners of the County of Sampson, at a regular meeting duly held on 4 August, 1941, duly adopted the following resolution or municipal ordinance:
"`WHEREAS, chapter two hundred eighty-two of the Public Laws of one thousand nine hundred and forty-one provides that the Boards of *Page 233 
County Commissioners of the various counties of the State may, in their discretion, defer or postpone the revaluation and reassessment of real property in the year one thousand nine hundred and forty-one, and that all proceedings and actions heretofore taken by said Board of County Commissioners in any county in the State as to postponement are in all respects ratified, validated and confirmed; and
"`WHEREAS, the Board of Commissioners of the County of Sampson, in its discretion, deferred or postponed the revaluation and reassessment of real property in said county for the year one thousand nine hundred and forty-one; and
"`WHEREAS, real property in said county has not been revalued since the year one thousand nine hundred and thirty-three, and the Board of Commissioners of said county has ascertained and hereby determines that values of real property generally throughout said county have materially changed since said revaluation, and especially during the year one thousand nine hundred and forty-one; and
"`WHEREAS, the Board of Commissioners of said county has made a careful study of the values of real property in said county, subject to taxation, and has ascertained and hereby determines that real property generally throughout said county is not valued and assessed at a true, fair, and uniform value in money, and that the values of real property generally listed and assessed for ad valorem tax purposes are inequitable and disproportionate, and do not represent the true values in money of said property; and said Board of Commissioners has further ascertained and hereby determines that a revaluation of real property in said county in the year one thousand nine hundred forty-two is necessary and desirable in order properly and fairly to value said property in accordance with the true values thereof in money:
"`NOW, THEREFORE, BE IT RESOLVED by the Board of Commissioners of the County of Sampson that in the year one thousand nine hundred and forty-two all property in the County of Sampson, real and personal, subject to taxation, shall be revalued and reassessed for ad valorem tax purposes by horizontal increase or reduction, or by actual appraisal thereof, or both, as may be determined by said Board of Commissioners.'
"4. That the plaintiff and all other property owners and taxpayers of said County of Sampson have a common or general interest in the determination of the validity of said resolution or municipal ordinance, and in the declaration of the rights and status of the parties under said resolution or municipal ordinance, and said property owners and taxpayers consist of many persons who are so numerous that it is impracticable to bring them all before the court; that the plaintiff has been authorized and permitted by the court to prosecute this action in his own *Page 234 
behalf and for the benefit and in behalf of all other property owners and taxpayers of the County of Sampson, and all other persons having or claiming to have an interest in the subject matter of this controversy.
"5. That a controversy exists between the plaintiff and defendant concerning their respective rights and status under said resolution or municipal ordinance; that the plaintiff, in behalf of himself and all other property owners and taxpayers of the County of Sampson, and all other persons having or claiming to have an interest in the subject matter of this controversy adverse to the defendant, contend that the said resolution or municipal ordinance is invalid for that said defendant does not have the legal right to revalue and reassess in the year 1942, the real and personal property in said County of Sampson subject to taxation; that the defendant contends that said resolution or municipal ordinance is valid in all respects, and that it has the legal right to revalue and reassess such property in said County of Sampson in the year 1942.
"6. That the rights and status of the plaintiff, as a property owner and taxpayer of said County of Sampson, and the rights and status of all other property owners and taxpayers of said County of Sampson, will be affected by said resolution or municipal ordinance and by the revaluation of real and personal property within said County of Sampson, and it is desirable that the validity of said resolution or municipal ordinance be determined and that the parties to this action receive a declaration of rights and status under said resolution or municipal ordinance.
"WHEREFORE, the plaintiff prays the Court as follows: (1) For a determination of the validity of said resolution or municipal ordinance; (2) For a declaration of the rights and status of the plaintiff and defendant in respect to said resolution or municipal ordinance; (3) For such other relief as to the Court may seem just and proper."
The defendant, in answer to the complaint, admits all the allegations, and says: "WHEREFORE, the defendant prays the Court as follows: (1) For a determination of the validity of said resolution or municipal ordinance; (2) For a declaration of the rights and status of the plaintiff and defendant in respect to said resolution or municipal ordinance; (3) For such other and further relief as to the Court may seem just and proper."
The judgment of the court below is as follows: "This cause coming on to be heard and being heard by consent of the parties, before his Honor, Leo Carr, Judge Superior Court, at the time and place stipulated by the parties for the hearing; and it appearing to the Court that no issues of fact are raised by the pleadings and that the parties waive a trial by jury; and it further appearing satisfactorily to the Court, and the Court finds as a fact, that the allegations contained in the complaint are true, and the plaintiff having moved for a judgment upon the pleadings *Page 235 
declaring invalid the resolution or municipal ordinance referred to in the pleadings; and the Court being of the opinion, after a careful examination of said pleadings and after full argument by counsel for both plaintiff and defendant, that said resolution or municipal ordinance is in all respects valid, and that the defendant, Sampson County, has the legal right to revalue and reassess in the year 1942, all real and personal property in said county, subject to taxation: It is, thereupon, Ordered, Considered and Adjudged that the resolution or municipal ordinance duly adopted by the Board of Commissioners of the County of Sampson at a regular meeting duly held on 4 August, 1941, directing a revaluation and reassessment in the year 1942, of all property in the County of Sampson, real and personal, subject to taxation, is valid in all respects, and that said County of Sampson has the legal right to revalue and reassess, in the year 1942, all property in the County of Sampson, real and personal, subject to taxation, for ad valorem tax purposes. It is further Considered, Ordered and Adjudged, in the discretion of the Court, that the cost of this action be taxed against the defendant. Done at Clinton, N.C. the 15th day of August, 1941. Leo Carr, Judge Superior Court."
To the foregoing judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.
This is a civil action instituted under the Declaratory Judgment Act. N.C. Code, 1939 (Michie), secs. 628 (a) and 628 (b). On the admitted facts in this case, did the Board of Commissioners of Sampson County, N.C. have the right, in its discretion, to order a revaluation and reassessment of property in said county for the year 1942? We think so.
N.C. Code, supra, sec. 7971 (111), is as follows: "Listing and assessing in quadrennial years. In one thousand nine hundred and forty-one, and quadrennially thereafter, all property, real and personal, subject to taxation, shall be listed and assessed for ad valorem tax purposes. Provided, that in one thousand nine hundred and forty-one, and quadrennially thereafter, the county board of commissioners may determine whether real property in the respective counties and townships shall be revalued by horizontal increase or reduction or by actual appraisal thereof, or both. Where the horizontal method is used, the provisions of the next succeeding section shall also apply."
Section 7971 (111), standing alone, the contention of plaintiff would be correct: "That the Legislature intended to vest County Boards of *Page 236 
Commissioners with authority to revalue and reassess property only in the quadrennial years of 1941, 1945, and so on."
The above section was amended by Public Laws of 1941, ch. 282, by adding the following: "Provided, that the boards of county commissioners of the various counties of the State may, in their discretion, defer or postpone the revaluation and reassessment of real property required herein in the year one thousand nine hundred and forty-one, and all proceedings and actions heretofore taken by said board of county commissioners in any county in the State as to postponement, or as to increases or reductions or by actual appraisal thereof, are hereby in all respects ratified, validated, and confirmed. Any such board of county commissioners may, in its discretion, defer or postpone any such revaluation, reassessment, or reappraisal for the years one thousand nine hundred and forty-two and one thousand nine hundred and forty-three."
We think the proviso changes materially the Act above quoted; it says: "Provided, that the boards of county commissioners of the various counties of the State may, in their discretion, defer or postpone the revaluation and reassessment of real property," etc. If the General Assembly had intended to abolish the revaluation in 1941, it would no doubt have used language to that effect. The language used "defer or postpone" did not mean abolish. The Act did not say defer or postpone until 1945. The proviso further says: "May, in its discretion, defer or postpone any such revaluation, reassessment or reappraisal for the years one thousand nine hundred and forty-two and one thousand nine hundred and forty-three." Thus, the proviso, we think, left it to the discretion of the board of county commissioners of any county in the State to defer or postpone the exercise of the power to the succeeding years prior to 1945. This intent is further evidenced by the fact that the General Assembly did not say that the revaluation and reassessment was deferred or postponed to quadrennial years, 4 years that expired in 1945. We think that the position here taken was clearly the intent of the General Assembly by virtue of the 1941 amendment to C. S., 7971 (111). We so hold.
For the reasons given, the judgment of the court below is
Affirmed. *Page 237